UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CARLA TOOLEY,                                        Case No. 14-CV-0716 (PJS/JSM)

       Plaintiff,

v.                                                                   ORDER

FLINT HILLS RESOURCES, L.P.,

       Defendant.

Brandon M. Schwartz and Michael D. Schwartz, SCHWARTZ LAW FIRM, for plaintiff.

Neil S. Goldsmith and George R. Wood, LITTLER MENDELSON, P.C., for defendant.

Plaintiff Carla Tooley brings a claim of employment discrimination against defendant Flint Hills Resources, L.P. ("Flint Hills") under the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et seq.  Because the statutory basis of Tooley's claim was not initially clear, Flint Hills removed this action alleging both federal-question and diversity jurisdiction.  ECF No. 1.  When it became clear that Tooley's claim arose only under state law, *see* ECF No. 44 at 5 n.1, the Court entered an order noting the defects in the parties' jurisdictional allegations and ordering the parties to file affidavits that properly establish their citizenship.  ECF No. 49; *see also Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 774 n.1 (8th Cir. 2014) ("We deem it to be fully established that it is the duty of the District Courts to assure themselves of the federal jurisdiction in every case before

them . . . ." (citation and quotations omitted)); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216

(8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we

have admonished the district court to be attentive to a satisfaction of jurisdictional

requirements in all cases.").  The Court warned the parties that, if they failed to file

affidavits that properly established their citizenship, the case would be remanded to

state court.

Flint Hills' affidavit does not properly establish its citizenship.  As the Court

explained in its earlier order, the citizenship of a limited partnership is the citizenship of

each of its partners, both general and limited.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195

(1990).  Flint Hills' two partners are both limited-liability companies.  ECF No. 51.  Flint

Hills avers that the LLCs are both organized under Delaware law and have their

principal places of business in Kansas.  *Id.*

Like a partnership, however, the citizenship of an LLC is the citizenship of each

of its members.  *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015).  In

order to properly establish its citizenship, then, Flint Hills had to identify and establish

the citizenship of the members of its constituent LLCs.  *See Hicklin Eng'g, L.C. v. Bartell*,

439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is

that of its members, and its members may include partnerships, corporations, and other

entities that have multiple citizenships.  A federal court thus needs to know each

member's citizenship, and if necessary each member's members' citizenships."

(citations omitted)); *Unitherm Food Sys., Inc. v. Hormel Foods Corp.*, No. 14-4034, 2015 WL

412875, at *2 (D. Minn. Jan. 30, 2015) ("[B]ecause a member of a limited liability

company may itself have multiple members—and thus may itself have multiple

citizenships—the federal court needs to know the citizenship of each 'sub-member' as

well." (citation and quotations omitted)).

Flint Hills did not identify and establish the citizenship of its constituent LLCs.

Instead, as noted, it only identified the states in which the LLCs were formed and in

which they principally conduct business.  This is insufficient to establish Flint Hills'

citizenship.  Because the parties have failed to establish that there is diversity

jurisdiction in this case, the Court remands it to state court for lack of jurisdiction.[1]  *See*

28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded.").

---

[1]As an aside, the Court notes that although Tooley asserts that she is a citizen of North Dakota, she continues to own a home in Minnesota, does not intend to live in North Dakota permanently, and "plan[s] to move back to Minnesota at some point . . . ." ECF No. 50 ¶ 4.  It therefore appears that Tooley may in fact be a citizen of Minnesota for purposes of diversity jurisdiction.  *See Reece*, 760 F.3d at 778 (for diversity purposes, "[c]itizenship requires permanence").  Because Flint Hills has failed to establish its citizenship, however, the Court need not definitively resolve the issue of Tooley's citizenship.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      This matter is REMANDED to the Minnesota District Court, First Judicial

District.

2.      The June 12, 2015 hearing on defendant's motion for summary judgment

is CANCELED.

Dated:  June 10, 2015                              s/Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge